UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-11612-GAO

ROBERT G. MEDEIROS,
Plaintiff,

v.

MASSACHUSETTS GAMING COMMISSION,
Defendant.

ORDER
April 13, 2015

O'TOOLE, D.J.

Proceeding *pro se*, Robert Medeiros alleges that the Massachusetts Gaming Commission ("MGC") improperly denied him an occupational license to drive harness race horses on the basis of his age. Medeiros was born in 1944. He asserts violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Age Discrimination Act of 1975 ("ADA"). MGC has since filed a motion to dismiss.

In evaluating a motion to dismiss, the court must take all factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, conclusory allegations unsupported by facts are insufficient to state a claim upon which relief can be granted. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). As a preliminary matter, Medeiros does not satisfy these pleading standards. His allegations are threadbare at best.

Medeiros' claims fail for other reasons as well. For one, Title VII does not create a cause of action for age-based discrimination. Lennon v. Rubin, 166 F.3d 6, 8 (1st Cir. 1999). Similarly, both the ADEA and Title VII only impose liability on employers. Camacho v. P.R. Ports Auth., 369 F.3d 570, 572 (1st Cir. 2004) (ADEA); Alberty-Velez v. Corporacion de P.R. para la

Difusion Publica, 361 F.3d 1, 6 (1st Cir. 2004) (Title VII). Nowhere does Medeiros allege that he had any type of employment relationship with MGC, and it is well settled "that state licensing and regulatory agencies generally are not regarded as employers vis-à-vis those whom they license and regulate." Camacho, 369 F.3d at 578. Accordingly, his claims for age discrimination under the ADEA and Title VII would fail on these grounds alone.

Moreover, as a branch of the Commonwealth, MGC is immune from private suit for damages in federal court under the Eleventh Amendment. Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007). There are situations where a state may be subject to suit, such as where Congress abrogates its immunity or where the state has consented to be sued. Id. But the ADEA does not abrogate the Commonwealth's sovereign immunity, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 90-91 (2000), and, to the extent Eleventh Amendment immunity is abrogated under Title VII, see Lopez v. Massachusetts, 588 F.3d 69, 81 (1st Cir. 2009), that claim fails for the reasons already discussed. In addition, the ADA only allows suits against state entities for "program[s] or activit[ies] receiving Federal financial assistance." 42 U.S.C. § 6102. Neither the Complaint nor the Amended Complaint contains any allegations that MGC receives financial assistance from the federal government. See Rannels v. Hargrove, 731 F. Supp. 1214, 1222-23 (E.D. Pa. 1990) (explaining that a state program must receive federal financial assistance, rather than a general benefit, to be subject to a claim under the ADA). Similarly, Medeiros' claims for injunctive relief fail as such relief may only be obtained against state officers sued in their official capacities, and not stage agencies. Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) ("Appellants having sued only state agencies, not officials, there is no basis for invoking Ex parte Young.").

For the foregoing reasons, MGC's Motion to Dismiss (dkt. no. 9) is GRANTED. Medeiros' Motion to Appoint Counsel (dkt. no. 12) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge